UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER MCDANIEL

    Plaintiff,

v.

SCOTT SIBSON

    Defendant.
_____/

Case No. 23-10787
Hon. Jonathan J.C. Grey
Mag. Judge Elizabeth A. Stafford

**OPINION AND ORDER ADOPTING REPORTS AND RECOMMENDATIONS (ECF Nos. 26, 32)**

**I.    INTRODUCTION**

Plaintiff Christopher McDaniel commenced this lawsuit against Defendant Scott Sibson on April 6, 2023. (ECF No. 1.) McDaniel alleges that, while incarcerated at the Cooper Street Correctional Facility ("JCS"), Sibson violated his First and Fourteenth Amendment rights by withholding his property and ordering him to pack up his cell. (*Id.* at PageID.3–8.) On August 2, 2023, this Court referred this case to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report

and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 14.) This matter is before the Court on two reports and recommendations ("R&R"). (ECF Nos. 26, 32.) For the reasons stated below, the Court **ADOPTS** both R&Rs as to their recommendations of dismissal and summary judgment.

## II. DUE PROCESS CLAIM

On December 7, 2023, Magistrate Judge Stafford ordered McDaniel to show cause why his due process claim should not be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 25.) The show cause order noted that "negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong." (*Id.* at PageID.101 (quoting *Dickens v. Mich. Dep't of Corr.*, No. 22-CV-13053, 2023 WL 3361160, at *2 (E.D. Mich. May 10, 2023)).) McDaniel did not respond to the show cause order.

On February 29, 2024, Magistrate Judge Stafford issued an R&R recommending that the Court sua sponte dismiss McDaniel's due process claim. (ECF No. 26.) At the conclusion of her R&R, Magistrate Judge Stafford advised the parties that they may object to and seek

2

review of the R&R within fourteen days of service upon them. (*Id.* at PageID.107.) She further specifically advised the parties that "[i]f a party fails to timely file specific objections, any further appeal is waived." (*Id.*) (citation omitted). Neither party filed objections to the R&R.

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Stafford. To be clear, the R&R relies on a doctrine articulated in *Parratt v. Taylor*, 451 U.S. 527 (1981), which "permits dismissal of procedural due process claims brought under 42 U.S.C. § 1983 based on the fact that the state provides the claimant an adequate postdeprivation remedy." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). The *Parratt* doctrine applies if (1) "the deprivation was unpredictable or 'random,'" (2) "predeprivation process was impossible or impracticable," and (3) "the state actor was not authorized to take the action that deprived the plaintiff of property." *Id.* (citations omitted). Here, McDaniel alleges that Sibson confiscated and withheld his property without authorization and without providing paperwork. (ECF No. 1, PageID.5, 7–8.) The complaint does not indicate or suggest that the deprivation was predictable nor that predeprivation

3

process was possible or practicable. On these facts, all three conditions exist, and the *Parratt* doctrine applies. The Court therefore adopts the R&R for the reasons stated therein.

## III. FIRST AMENDMENT RETALIATION CLAIMS

On November 27, 2024, Magistrate Judge Stafford issued an R&R recommending that the Court grant Sibson's motion for summary judgment because the record does not support McDaniel's First Amendment retaliation claims. (ECF No. 32.) As with the previous R&R, Magistrate Judge Stafford advised the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at PageID.256.) She further specifically advised the parties that "[i]f a party fails to timely file specific objections, any further appeal is waived." (*Id.*) (citation omitted). Neither party filed objections to the R&R.

The Court has carefully reviewed the R&R and concurs with the result reached by Magistrate Judge Stafford for the reasons stated below. First, the Court agrees that any retaliation claim for property that Sibson withheld, other than the three pairs of shoes that McDaniel ordered, cannot proceed because there is no evidence in the record to

4

support McDaniel's claim that he ordered said property. (*Id.* at PageID.247–248.)

Second, the Court agrees that a retaliation claim based on the adverse action of the "mock packup" cannot proceed because the mock packup was not an adverse action. (ECF No. 32, PageID.248–249.)

Third, the Court declines to adopt Magistrate Judge Stafford's assessment that McDaniel has not shown a causal connection between the protected activity of filing lawsuits and the adverse action of withholding property. (ECF No. 32, PageID.250–253.) Sibson's alleged comment to McDaniel—"you're not getting any of your property and you can spend your lawsuit money on something else"—creates a genuine issue of material fact regarding causation. (*Id.* at PageID.250.) Even though Magistrate Judge Stafford found that Sibson made the comment "in the heat of an argument" with McDaniel over the shoes (*Id.* at PageID.251), it is odd that Sibson described McDaniel's money as "lawsuit money." The statement may not wholly prove or disprove causation, but a reasonable jury could find that such an explicit comment is evidence that McDaniel's lawsuits were a motivating factor in Sibson's decision to withhold the shoes. That is all McDaniel needs to

5

show. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) (citation omitted) (noting that plaintiff has the burden of establishing that their protected conduct is a motivating factor behind any harm).

Instead, the Court finds that summary judgment is appropriate in favor of Sibson on McDaniel's retaliation claim based on the adverse action of withholding shoes because the record indicates that Sibson would have taken the same action in the absence of protected activity. (ECF No. 32, PageID.253–255.) The Court therefore adopts the R&R as it recommends granting summary judgment in favor of Sibson.

Accordingly, **IT IS ORDERED** that McDaniel's due process claim is **DISMISSED**. **IT IS FURTHER ORDERED** that Sibson's motion for summary judgment is **GRANTED**.

    **SO ORDERED**.

Date: March 20, 2025

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

6

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2025.

**s/ S. Osorio**
Sandra Osorio
Case Manager
